WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Sr., | No. CV-19-05682-PHX-MTL (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| N. Harris, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion Seeking Leave to Amend His Original Complaint Pursuant to Federal Rule of Civil Procedure 15 of and Request to Exceed Page Limit. (Doc. 26.) The Court will grant the motion.

**I.      Background.**

On November 25, 2019, Edward Lee Jones, Sr. filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, (doc. 1), and an Application for Leave to Proceed In Forma Pauperis (IFP), (doc. 2). On December 27, 2019, the court granted Plaintiff's Application to Proceed IFP, dismissed Count Two of Plaintiff's Complaint along with Defendant Cool Bear, and required Defendant Harris to answer Count One in his official capacity as to the RLUIPA claim and in his individual and official capacities as to the First Amendment claim.

**II.     Plaintiff's Motion Seeking Leave to Amend and to File Excess Pages.**

On August 6, 2020, Plaintiff filed a Motion Seeking Leave to Amend His Original Complaint and Request to Exceed Page Limit. (Doc. 26.) Plaintiff concurrently lodged his

Proposed First Amended Complaint. (Doc. 27.) The Court will grant Plaintiff's Motion for Leave to Amend His Original Complaint and File Excess Pages, (doc. 26), and will screen Plaintiff's Proposed First Amended Complaint pursuant to 28 U.S.C. § 1915A(a).

### III.     Statutory Screening of Prisoner Complaints.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

### IV.     First Amended Complaint.

In the First Amended Complaint, Plaintiff alleges eight total "Counts" against the following Defendants in their individual and official capacities: Harris, Jordan, Riker,

Dison, and Shinn. (Doc. 27 at 1–3.) In relief, Plaintiff seeks monetary damages, the return of his property, and Court Orders directed at changing various ADCRR policies. (*Id.* at 45–46.)

### A.     Count One.

In Count One, Plaintiff alleges that Defendant Harris violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§2000cc et. seq., by denying Plaintiff access to his religious property for an unreasonable amount of time. (Doc. 27 at 4–7.) Plaintiff states that the customary timeframe for property return in ADCRR is three to seven business days, but that Defendant Harris took advantage of the "ambiguity" in ADCRR policies by holding Plaintiff's religious property for a month on two separate occasions. (*Id.* at 5–7.) Plaintiff states that Defendant's holding of his property caused him to be unable to practice his religion, specifically, that he was unable to read the Quran or conduct halal prayer. (*Id.* at 7.)

### B.     Counts Two and Eight.

In Count Two, Plaintiff alleges that Defendant Harris violated the Eighth Amendment's prohibition against cruel and unusual punishment when he held Plaintiff's personal hygiene products for more than seven days. (Doc. 27 at 8.) Plaintiff also alleges that he was denied indigent hygiene supplies and, consequently, "he was unable to take a shower, brush his teeth, or properly wash his hands and face." (*Id.* at 8–11.) Plaintiff further asserts that he suffered financial hardship from being forced to purchase replacement hygiene products. (*Id.* at 8.) Plaintiff notes that his hygiene supplies were eventually returned. (*Id.* at 11.)

In Count Eight, Plaintiff alleges that Defendant Shinn also denied Plaintiff personal hygiene products. (*Id.* at 44.) Moreover, Plaintiff alleges that Defendant Shinn is responsible for failing to provide inmates sanitary conditions. (*Id.*) Plaintiff claims that "prisoners are forced to use personal soap or shampoo to clean black mold" and that "the prison is overrun with mice and roaches." (*Id.*)

### C. Count Three.

In Count Three, Plaintiff alleges that Defendant Harris denied Plaintiff "access to the courts [and] his property in violation of the First, Fourteenth, and Eighth Amendments by unreasonably limiting Plaintiff's access to his legal files. (Doc. 27 at 12). Plaintiff claims that being unable to access his legal documents "forc[ed] him to scramble to catch up on missed timeframes/deadlines, prevented him from properly drafting a pleading, and subjected him to unfavorable rulings. *Id.*

### D. Counts Four, Five, and Seven.

In Counts Five and Seven, Plaintiff alleges that Defendants Jordan and Dison respectively conspired with Defendant Harris to destroy Plaintiff's property and cover up the destruction. (Doc. 27 at 41). Plaintiff contends that Defendants' actions were done in retaliation to Plaintiff's use of the grievance process. (*See id.*)

### E. Count Six.

In Count Six, Plaintiff alleges that Defendant Riker threatened Plaintiff with a disciplinary infraction in retaliation to Plaintiff's continued use of the ADCRR grievance process. (Doc 27 at 35.) Plaintiff also alleges that Defendant Riker tampered with Plaintiff's existing grievances to prevent Plaintiff's successful use of the grievance process. (*Id.* at 38.)

## V. Discussion of Plaintiff's Claims.

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Because Plaintiff aggregated numerous claims in each count of his Complaint, the Court will, for simplicity's sake, address each type of claim alleged by Plaintiff, rather than fully resolve each count individually and in order.

### A. Official Capacity Claims.

A claim against an individual in his or her official capacity is "only another way of

pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).

### 1.  Count One.

Plaintiff has stated an official capacity claim against Defendant Harris. Plaintiff's Count One RLUIPA claim is similar, but not identical, to Count One of his Complaint. (*Compare* doc. 1 at 3 *with* doc. 27 at 4–7.) Plaintiff's cause of action and core facts are identical. However, Plaintiff provides more detail in his allegations; specifically, he adds background on prior RLUIPA complaints he has filed with this Court and information about his use of the ADCRR grievance process. (Doc. 27 at 4–7.) Accordingly, the Court will adopt its analysis of Count One regarding Plaintiff's RLUIPA claim on this premise from its prior Screening Order, (doc. 6 at 3–4), and direct Defendant Harris to answer the new facts alleged in the First Amended Complaint regarding Plaintiff's prior civil rights complaints and use of the grievance process, (doc. 27 at 4–7).

### 2.  Counts Two through Eight.

Plaintiff has not stated an official capacity claim against any Defendant in Counts Two through Eight. "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In Counts Two through Eight, Plaintiff does not allege that any ADCRR policy, practice, or custom has resulted in his alleged injuries. These claims are premised on Defendants' alleged negligence or retaliation against Plaintiff rather than ADCRR procedure. (*See* doc. 27 at 4–7, 35–40.) Since Plaintiff has not claimed that ADCRR policy caused his alleged injuries, the Court will dismiss without prejudice Plaintiff's official capacity claims against Defendants Jordan, Dison, Riker, and Shinn, and against Defendant Harris in Count Four. *See Graham*, 473 U.S. at 166.

### B.     Individual Capacity Claims.

To state a valid claim under § 1983, a plaintiff must allege he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. 658; *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

#### 1.     Eighth Amendment Claim.

In Counts Two and Eight, Plaintiff asserts that the Defendants have violated his Eighth Amendment rights. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To state an Eighth Amendment conditions-of-confinement claim, plaintiffs must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835.

### a. Count Two: Defendant Harris.

Plaintiff has not pleaded facts sufficient to state a claim against Defendant Harris for a violation of Plaintiff's Eighth Amendment Rights in Count Two. "Indigent inmates have the right to personal hygiene supplies such as toothbrushes and soap." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998). However, ADCRR 0.0#905 provides that non-indigent inmates do not have the right to free personal hygiene supplies. Plaintiff never alleges that he was prevented from having personal hygiene supplies. (Doc. 27 at 4). Plaintiff acknowledges that he purchased and used hygiene supplies while his property was processing. (*Id.*) Since Plaintiff was not denied access to personal hygiene products, the court will dismiss without prejudice Count Two. *See Keenan*, 83 F.3d at 1091.

### b. Count Eight: Defendant Shinn.

Plaintiff has not pleaded facts sufficient to state a claim against Defendant Shinn in relation to his allegations regarding denial of personal hygiene supplies. Plaintiff does not allege that he was prevented from possessing and using hygiene supplies. Therefore, the Court will adopt the analysis above and dismiss without prejudice the portions of Count Eight pertaining to the denial of hygiene supplies. *See Keenan*, 83 F.3d at 1091.

Additionally, Plaintiff has not pleaded facts sufficient to state a claim regarding unsanitary prison conditions against Defendant Shinn. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Brown v. Flores*, 755 F. App'x 691 (9th Cir. 2019); citing *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). However, a Plaintiff must show more than merely the presence of unsanitary conditions to state a claim under the Eighth Amendment. *See Morgan*, 465 F.3d at 1047, citing *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985) ("not all deviations from ideally safe conditions [of confinement] amounts to a constitutional violation.")

Plaintiff alleges that prison "showers are not properly sanitized or cleaned. Prisoners are forced to use personal soap or shampoo to clean black mold and keep gnats out. No air

circulation work[s] properly in showers or cells. Moreover, the prison is overrun with mice and roaches which destroy prisoner's property." (Doc. 27 at 44). However, Plaintiff does not allege how long the conditions have persisted or specify what harm he has suffered because of those conditions. (*See id.*) Since Plaintiff has not shown that the issues he identifies have been severe or prolonged, Plaintiff has failed to state a claim of "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Hoptowit*, 753 F.2d at 783.[1] The Court will dismiss Defendant Shinn without prejudice and dismiss without prejudice Count Eight it pertains to the allegation of unsanitary conditions. See Farmer, 511 U.S. at 834

### 2. Access to Courts.

As a matter of standing for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury—i.e., "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996) (citation omitted); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'") (citations omitted).

Plaintiff alleges in Count Three that Defendant Harris prevented Plaintiff's access to courts by withholding Plaintiff's "legal boxes" for an unreasonable time. (Doc. 27 at 12–17.) Plaintiff does not allege that Defendant's actions caused actual prejudice with respect to contemplated or existing litigation, only that Plaintiff's lack of access to his legal

---

[1] Even if the Court found that Plaintiff's assertions were sufficient to establish unsanitary conditions rising to the standard of an Eighth Amendment violation, Plaintiff fails to implicate Defendant Shinn as the cause of those conditions. "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 62,646 (9th Cir. 1989), citing *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Plaintiff has not alleged that Defendant Shinn is personally involved in evaluating sanitary conditions at the prison. (*See* Doc. 27 at 44). Nor does Plaintiff allege facts that support the conclusion that Defendant Shinn is acting through his subordinates. (*Id.*) Accordingly, the Court would still dismiss both Count Eight of the First Amended Complaint and Defendant Shinn because Plaintiff's allegations of unsanitary conditions are conclusory and fail to state a claim. *See Farmer*, 511 U.S. at 834.

materials made him struggle to catch up on deadlines and affected the quality of his filings. (*Id.* at 12.) Since Plaintiff has not shown actual injury, this Court will dismiss Count Three without prejudice. *See Goord*, 320 F.3d at 352.

### 3. Fourteenth Amendment Due Process Claims.

To determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995), quoting *Sandin v. Conner*, 15 U.S. 472, 468 (1995). Due process also requires that there be "some evidence" to support the prison officials' decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). However, this "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion." *Id.* at 455-56 (emphasis added).

The "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy. *Id.* at 534-35. Moreover, Arizona provides a meaningful and adequate post-deprivation remedy through the prison grievance system, specifically Department Order 909.09. *Dennison v. Ryan*, 522 Fed. App'x 414, 417-18 (9th Cir. 2013); *Aldrete v. Arizona Dep't of Corr.*, 2011 WL 30959, at *7 (D. Ariz. Jan. 3, 2011); *see also Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort claims and prison grievance procedures provide adequate post-deprivation remedies). That a prisoner "might not be able to recover under these remedies the full amount which he might receive in a

§ 1983 action is not . . . determinative of the adequacy of the state remedies." *Hudson*, 468 U.S. at 535. See also *Dennison*, 522 F. App'x at 418 ("To the extent that [plaintiff] argues that the postdeprivation remedy is inadequate because he was unable to access the grievance procedure, his argument is unavailing.").

In Counts Four, Five, and Seven, Plaintiff alleges that Defendants Jordan and Dison worked with Defendant Harris denied Plaintiff procedural due process because Defendants' poor recordkeeping and retaliatory motives led to the loss, destruction, and withholding of Plaintiff's property. (Doc. 27 at 8, 12, 28.) However, it is more likely that Defendants were following standard procedure to hold property when an inmate is moved. The complaint recognizes that property processing was delayed at the time when Plaintiff's belongings were being inventoried. (*See id.* at 31.) Additionally, Plaintiff's allegations of destruction of property are unclear as to what property was allegedly destroyed, and when and how it was destroyed. (*See id.* at 28–34.) Moreover, Arizona provides a meaningful and adequate post-deprivation remedy through the prison grievance system, specifically Department Order 909.09. *Dennison*, 522 Fed. App'x at 417-18. Accordingly, the Court will dismiss counts Four, Five, and Seven with respect to the Fourteenth Amendment claims without prejudice.

### 4.     Retaliation Claims

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no

legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

### a. Counts Four, Five, and Seven: Defendants Harris, Jordan, and Dison.

Plaintiff does not have a viable First Amendment Retaliation claim against Defendant Harris, Jordan, or Dison. Plaintiff does not show that Defendants took any action because of Plaintiff's use of the grievance process or filing of Civil Rights Complaints. Defendants acted consistently with inventory procedures. (*See* Doc. 27 at 19). Plaintiff makes no allegation that would make retaliation a more likely cause for Plaintiff's experience with the grievance process than normal administrative mistakes. (*See id.*) Accordingly, the Court will dismiss Counts Four, Five, and Seven with respect to the retaliation claims without prejudice. *See Mt. Healthy*, 429 U.S. at 287; *Ashcroft*, 556 U.S. at 681.

### b. Count Six: Defendant Riker.

Plaintiff alleges that Defendant Riker retaliated against him for using the grievance process. (Doc. 27 at 44). While Defendant Riker's alleged statements would be evidence of retaliation if Plaintiff was actually denied access to the grievance process, Plaintiff does not allege that Defendant Riker acted on the statement he made to Plaintiff. (*Id.*) Because a First Amendment Retaliation claim requires adverse action and no adverse action was alleged by Plaintiff, the Court will dismiss without prejudice Count Six and Defendant Riker. *See Rhodes,* 408 F.3d at 567-68.

///
///
///
///
///

**IV.     Summary**

In summary, the Court will require Defendant Harris, who is already served in this matter, to answer Plaintiff's RLUIPA claim against him in Count One of the First Amended Complaint. All remaining claims and defendants are dismissed without prejudice.

**IT IS ORDERED**:

1.     Plaintiff's Motion for Leave to Exceed Pages (doc. 26) is **granted**.

2.     Plaintiff's Motion Seeking Leave to Amend His Original Complaint (doc. 26) is **granted** to the extent provided in the Order. The Clerk is directed to file Plaintiff's proposed First Amended Complaint (lodged at doc. 27).

3.     Defendant Harris shall answer the claims against him in Count One of Plaintiff's First Amended Complaint.

4.     On screening pursuant to 28 U.S.C. § 1915A(a), Counts Two through Eight of the First Amended Complaint, and Defendants Jordan, Dison, Riker, and Shinn, are **dismissed** for failure to state a claim.

Dated this 25th day of September, 2020.

Michael T. Liburdi
United States District Judge