WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Sr., | No. CV-19-05682-PHX-MTL (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| N. Harris, et al., | |
| Defendants. | |

Before the Court is Plaintiff's appeal (Doc. 23) of the Magistrate Judge's July 7, 2020 Order (Doc. 22). The Court now rules.

I.

On November 25, 2019, Plaintiff filed a Prisoner Civil Rights Complaint. (Doc. 1.) After screening the Complaint, this Court ordered Defendant Harris to answer Plaintiff's Religious Land Use and Institutionalized Persons Act claim in his official capacity and Plaintiff's First Amendment claim in his individual and official capacities. (Doc. 6.) Plaintiff subsequently filed a Motion Seeking Leave to Amend his Original Complaint (the "Motion to Amend"). (Doc. 12.) On July 7, 2020, the Magistrate Judge struck the Motion to Amend, concluding the Motion was "largely illegible" and thereby in violation of Rule 3.4 of the Local Rules of Civil Procedure. (Doc. 22 at 2.) The Magistrate Judge afforded Plaintiff the opportunity to renew his Motion, noting that "Plaintiff must find a way to make [any renewed] pleading legible." (*Id.*) On July 16, 2020, Plaintiff filed the pending appeal. (Doc. 23.)

II.

When a magistrate judge decides a pretrial, nondispositive matter,* "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Here, Plaintiff timely objected to the Magistrate Judge's July 7, 2020 Order. (Doc. 23.) Plaintiff requests "a second opinion [regarding] the legibility of his motion" and "a change of Magistrate Judge." (*Id.* at 1.) The Court will address each objection in turn.

Courts "have broad discretion in interpreting and applying their local rules." *Delange v. Dutra Constr. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999); *see also O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (noting a magistrate judge's application of the local rules would be reviewed for an abuse of discretion). Under the Local Rules of Civil Procedure, complaints filed by incarcerated people "must be . . . legibly written or typewritten." LRCiv 3.4. If a complaint does "not conform substantively or procedurally with federal and local requirements for actions filed by incarcerated persons," the "judge may strike or dismiss [the] complaint[]." *Id.*

Here, the Magistrate Judge struck Plaintiff's Motion to Amend because the Motion and proposed amended complaint violated Rule 3.4 of the Local Rules. (Doc. 22 at 2.) Specifically, the Magistrate Judge determined the Motion was "largely illegible," such that "[n]o reasonable person could be expected to read and understand the writing as presented." (*Id.*) Plaintiff argues the Magistrate Judge's conclusion is "wrong." (Doc. 23 at 3.) Having reviewed the Motion to Amend, the Court finds that the Motion is at best, difficult to read, and in some places completely illegible due to Plaintiff's tightly kerned

---

* Generally, "[a] motion for leave to amend is a nondispositive motion which a magistrate judge may properly decide." *Seto v. Thielen*, 519 F. App'x 966, 969 (9th Cir. 2013); *see* 28 U.S.C. § 636(b)(1)(A). Here, the Magistrate Judge afforded Plaintiff the "opportunity to resubmit his motion for leave to amend" and extended the deadline for Plaintiff to file a motion for leave to amend to August 7, 2020. (Doc. 22 at 2–3.) On August 6, 2020, Plaintiff filed a renewed motion to amend (Doc. 26), which this Court granted to the extent provided in its September 25, 2020 Order (Doc. 29). Thus, the Magistrate Judge did not "effectively dispose[] of a claim or defense or preclude[] the ultimate relief sought." *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015).

handwriting and his election to write on single-spaced lines. Thus, the Court finds that no part of the Magistrate Judge's July 7, 2020 Order is clearly erroneous or contrary to law. *See Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (finding clear error exists if the Court is "left with the definite and firm conviction that a mistake has been committed").

Plaintiff further contends that "a new Magistrate Judge needs to be appointed to this case and all others filed by [] Plaintiff." (Doc. 23 at 3.) Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state the facts and reasons for the belief that bias or prejudice exists." *Id.* If the affidavit is timely and sufficient, the "judge shall proceed no further" and "another judge shall be assigned." *Id.* But, where, as here, an affidavit "is not presented to the judge, no relief under section 144 is available." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Section 455 is directed to the judge, rather than the parties, and requires a magistrate judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," where he "has a personal bias or prejudice concerning a party," or when he is "a party to the proceeding." 28 U.S.C. § 455(a), (b)(1), (b)(5)(i); *see Sibla*, 624 F.2d at 867–68.

Here, Plaintiff asserts that a new Magistrate Judge needs to be appointed but does not precisely explain the basis for his request or provide any rationale as to why recusal is warranted. Plaintiff did not provide the Court with an affidavit as required under § 144. Instead, Plaintiff's argument seems to be premised on the Magistrate Judge's finding that Plaintiff's handwriting was illegible in the Motion to Amend. Plaintiff has made no other allegations to suggest that the Magistrate Judge is biased against him. And Plaintiff is assured that the Court is aware of its obligation to be impartial. Accordingly, Plaintiff's objection to the Magistrate Judge's July 7, 2020 Order is denied.

III.

Accordingly,

1    **IT IS ORDERED denying** Plaintiff's Motion in Opposition Appealing the
2 Magistrate Judge's Latest Order (Doc. 23).
3    Dated this 1st day of March, 2021.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge